# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALKEK & WILLIAMS, LTD., AND ALBERT AND MARGARET ALKEK FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>TUCKERBROOK ALTERNATIVE INVESTMENTS, LP, TUCKERBROOK/SB GLOBAL SPECIAL SITUATIONS GP, LLC, AND TUCKERBROOK/SB GLOBAL SPECIAL SITUATIONS FUND, L.P.,<br><br>Defendants. | Civil Action No. _____<br><br>Underlying Action<br>Case No. 4:08-cv-3501<br>U.S.D.C. Southern District of Texas<br>Houston Division<br><br>SEPTEMBER 18, 2009 |

## EMERGENCY MOTION TO COMPEL

Pursuant to Rule 37 and Local Rule 7(a)(3), defendants Tuckerbrook Alternative Investments, LP, Tuckerbrook/SB Global Special Situations GP, LLC and Tuckerbrook/SB Global Special Situations Fund, L.P., hereby make this emergency motion to compel compliance with a subpoena served in Connecticut on non-party Sumanta Banerjee ("Mr. Banerjee").

As set forth more fully in the accompanying Memorandum of Law, Mr. Banerjee failed to appear at a deposition in Connecticut and to produce relevant documents, which deposition was to take place on August 21, 2009.

Emergency treatment is warranted for the motion because Mr. Banerjee persists in refusing to set a deposition or production date in advance of the September 30 discovery deadline in the underlying matter, captioned <u>Alkek & Williams, Ltd. v. Tuckerbrook Alternative Investments, LP</u>, pending in the United States District Court for the Southern District of Texas, Houston Division, Case Number 4:08-CV-3501 (the "Texas Court"). The Texas Court has set a

ST1 2729v1 09/18/09

firm trial date of December 1, 2009, and Mr. Banerjee (perhaps having learned of the firm trial date) has stated his intention to remain unavailable until December 2009.

In the event the Court declines to act on Defendants' motion on an emergency basis, Defendants respectfully request an in-court discovery conference among counsel for all parties and Mr. Banerjee.

Respectfully submitted,

Joseph M. Pastore III (ct11431)
Frances Codd Slusarz (ct24442)
Fox Rothschild LLP
One Landmark Square, 21st Floor
Stamford, CT 06901
Telephone: (203) 425-9500
Facsimile: (203) 425-9595
jpastore@foxrothschild.com
fslusarz@foxrothschild.com

Sean T. Carnathan
O'Connor Carnathan & Mack, LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001
scarnathan@ocmlaw.net

Wesley W. Yuan, Esq.
Duane Morris, LLP
3200 Southwest Freeway, Suite 3150
Houston, TX 77027
Telephone: (713) 402-3911-7540
Facsimile: (713) 513-5848
wwyuan@duanemorris.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009, a copy of the foregoing was sent via First Class U.S. mail to the following counsel of record:

    Murray Fogler, Esq.
    Jas Brar, Esq.
    Beck, Redden & Secrest, LLP
    One Houston Center
    1221 McKinney Street, Suite 4500
    Houston, TX 77010

    Douglas R. Hirsch, Esq.
    Sadis & Goldberg LLP
    551 Fifth Avenue, 21st Floor
    New York, NY 10176

*/s/ Frances Codd Slusarz*
Frances Codd Slusarz

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALKEK & WILLIAMS, LTD., AND ALBERT AND MARGARET ALKEK FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>TUCKERBROOK ALTERNATIVE INVESTMENTS, LP, TUCKERBROOK/SB GLOBAL SPECIAL SITUATIONS GP, LLC, AND TUCKERBROOK/SB GLOBAL SPECIAL SITUATIONS FUND, L.P.,<br><br>Defendants. | Civil Action No. _____<br><br>Underlying Action<br>Case No. 4:08-cv-3501<br>U.S.D.C. Southern District of Texas<br>Houston Division<br><br>SEPTEMBER 18, 2009 |

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37, L. Civ. R. 37, and L. Civ. R. 7(a)(3), Defendants Tuckerbrook Alternative Investments, LP ("Tuckerbrook"), Tuckerbrook/SB Global Special Situations GP, LLC ("GSS GP") and Tuckerbrook/SB Global Special Situations Fund, L.P. ("GSS") (collectively "Defendants") submit this Memorandum of Law in Support of their Emergency Motion for an order compelling the deposition and production of documents of non-party witness Sumanta Banerjee ("Mr. Banerjee"). Defendants served Mr. Banerjee in Connecticut with a valid and enforceable subpoena (the "Subpoena") on August 10, 2009, in an action entitled <u>Alkek & Williams, Ltd. v. Tuckerbrook Alternative Investments, LP</u>, pending in the United States District Court for the Southern District of Texas (the "Texas Court"), Houston Division, Case Number 4:08-CV-3501 (the "Underlying Action").

ST1 2728v1 09/18/09

I.  **PRELIMINARY STATEMENT**

This is an action concerning Plaintiffs' improper attempt to withdraw funds from Defendants, Tuckerbrook/SB Global Distressed Fund ("GDF Fund") and the GSS Fund ("GSS Fund"). This dispute centers on Plaintiffs' rights to withdraw funds in the event that Mr. Banerjee, as a general partner of each fund, was no longer involved with the activities of the funds. A true copy of the Texas Court's decision on Defendants' Motion to Dismiss is attached hereto as **Exhibit A**. As is therefore clear, Mr. Banerjee is a central witness in this action.

Unfortunately, Mr. Banerjee has been avoiding his deposition in this matter for several months. In early July 2009, Mr. Banerjee's counsel informed Defendants that Mr. Banerjee was in India, where he would remain until the end of July. (See **Exhibit B**, Declaration of Sean T. Carnathan ["Carnathan Decl."] dated September 17, 2009, Ex. 2). By August 2009, Mr. Banerjee was still ostensibly in India and his attorney was unwilling to commit to a deposition date or a date for the production of relevant documents.

Growing suspicious, Defendants issued the Subpoena (Id., Ex. 1), which was served by private investigator tracking Mr. Banerjee, upon Mr. Banerjee in Connecticut on August 10, 2009. Faced with the impossibility of Mr. Banerjee's being in both Connecticut and India, his counsel quickly explained that he would be "out of the country starting this Thursday and will not be back until after Sept. 18th." (Id., Ex. 3).

Discovery closes on September 30, 2009 in the Underlying Action, and the Court has set a firm trial date of December 1, 2009. Thus, it is necessary to take Mr. Banerjee's deposition in the immediate future. Mr. Banerjee did not appear for the August 21, 2009 deposition, or produce documents, despite having been served with the Subpoena. Nor did Mr. Banerjee serve an objection to the Subpoena or file a motion for protective order. Further, despite the earlier

representation that Mr. Banerjee would be back in the United States by about September 18, 2009, he has since changed his story twice. First he claimed (perhaps realizing discovery closed September 30, 2009) that he would not return to the United States before October. (Id., Ex. 4).

Mr. Banerjee's counsel asserted that unless Defendants pay Mr. Banerjee's return airfare from India in business class, he would not appear for a deposition before the September 30, 2009 discovery deadline. (Id., Ex. 6). Mr. Banerjee purported to offer to provide testimony via telephone or video conference, but has completely failed to respond to the document requests incorporated into the Subpoena. When Defendants stated that a telephone or video deposition was unacceptable, Mr. Banerjee's counsel offered dates in October, only to quickly rescind that proposal and state that Mr. Banerjee would not return from India until December. (Id., Ex. 7). With a firm trial date of December 1, 2009 (of which Mr. Banerjee seems to be aware), Defendants need the intervention of this Court to force Mr. Banerjee to comply with the Subpoena with which he was duly served, in hand, in Connecticut in August 2009.

Counsel for Defendants conferred with Mr. Banerjee's counsel regarding compliance with the subpoena in a good faith effort to resolve the issues raised herein, but the parties were unable to resolve their dispute. (Id., ¶ 14).

Accordingly, the Court should grant this Motion to Compel on an emergency basis and order compliance by September 23, 2009, for the production of documents and September 30, 2009 for his deposition.

## II.  RELEVANT FACTS

Defendant Tuckerbrook is a registered investment advisor regulated by the Securities and Exchange Commission, and manages hedge funds and private equity fund-of-funds.

Tuckerbrook's clients include university endowments, foundations, large and small wealth managers, private banks, fund-of-funds, and other institutions. (Id., ¶ 2).

On March 25, 2008, Tuckerbrook terminated Mr. Banerjee's employment as a portfolio manager. Mr. Banerjee previously managed both the GDF and GSS Funds. Both GDF and the GSS Fund are hedge funds, structured as limited partnerships. As part of his compensation arrangement, Mr. Banerjee owned 50% of the general partner of each fund, and Tuckerbrook owned the other 50%. (Id., ¶ 3).

Under the terms of the limited partnership agreement, GSS afforded investors the opportunity to withdraw from the fund in the event that Mr. Banerjee died, became incapacitated or otherwise ceased to be involved directly or indirectly with the activities of the GSS general partner. After his termination, Mr. Banerjee remained involved with the GSS general partner, primarily by way of a battle for control of the fund, which extended through December 2008, when Mr. Banerjee finally relinquished his interest in the GSS general partner. (Id., ¶ 4).

In late April 2008, Plaintiffs Alkek & Williams, Ltd. and Albert and Margaret Alkek Foundation (together, "Alkek"), investors in the funds, purported to send notices invoking their withdrawal rights. Tuckerbrook disputes the validity of these notices and is currently engaged in an orderly liquidation of the GSS Fund for pro rata distribution to all of its investors. (Id., ¶ 5).

On or about November 26, 2008, Alkek commenced the Underlying Action, challenging Tuckerbrook's rejection of its purported withdrawal in April 2008. Defendants responded to Alkek's complaint with a motion to dismiss or for summary judgment. On June 29, 2009, the Court denied Defendants' motion and set a three-month period for discovery, closing on September 30, 2009. The primary issue in the Underlying Action is whether Mr. Banerjee remained involved in the activities of GSS after March 25, 2008. (See Ex. A). His testimony

and document production is, accordingly, essential to resolution of the Underlying Action. (Carnathan Aff., ¶ 15).

Promptly after the Court set the three-month discovery deadline, Alkek apparently contacted Mr. Banerjee to attempt to schedule his deposition for a mutually agreeable date in mid July, and learned that he would out of the country, in India, until the end of the month. (Id., Ex. 2). Defendants did not believe Mr. Banerjee was out of the country, but believing his testimony essential to resolving this dispute, Defendants hired a private investigator to stake out Mr. Banerjee's home. (Id. ¶ 15).

As expected, Mr. Banerjee was in Connecticut. On August 10, 2009, Defendants effected in-hand service of the Subpoena on Mr. Banerjee. (Id., Ex. 1). After Mr. Banerjee was conclusively proved not to be in India, Mr. Banerjee's counsel quickly explained that he would be leaving for India within a few days and Mr. Banerjee could not comply with the Subpoena until some time after September 18, 2009. (Id., Ex. 3).

As required by Fed. R. Civ. P. 45, Defendants were amenable to continuing the deposition if a mutually convenient date could be found and documents delivered. (Id., Ex. 5). Mr. Banerjee, however, only offered to provide testimony via telephone or video conference. (Id., Ex. 4). Mr. Banerjee's counsel said that Mr. Banerjee would only appear in person for a deposition before the close of discovery if Defendants bought a business class return ticket for him from India. (Id., Ex. 6). Neither of these options is acceptable to Defendants.

By email dated September 12, 2009, Mr. Banerjee's counsel reported that Mr. Banerjee revised his travel itinerary again, stating that he would be staying in India beyond the close of discovery on September 30, 2008. (Id., Ex. 7). Mr. Banerjee ostensibly revised his itinerary further on September 12, 2009, when his counsel advised that Mr. Banerjee would be returning

in October 2009, and suggested that Defendants seek an extension of the discovery deadline in order to accommodate Mr. Banerjee's ever-changing plans. Later that same day, Mr. Banerjee's counsel advised that Mr. Banerjee (perhaps having learned that there is a firm trial date of December 1, 2009) will not be returning from India until December 2009. (Id.).

To date, Mr. Banerjee has never produced a single document and has not otherwise responded to or objected to the Subpoena. (Id., ¶ 12).

## III. ARGUMENT

### A. MR. BANERJEE SHOULD BE COMPELLED TO APPEAR FOR A DEPOSITION AND PRODUCE DOCUMENTS IN ADVANCE OF THE DISCOVERY DEADLINE

"A subpoena is the only mechanism through which a party can obtain documents and other tangible things from non-parties." Fed. R. Civ. P. 34(c). See F.D.I.C. v. Wachovia Ins. Serv., Inc., No. 3:05 CV 929 (CFD), 2007 U.S. Dist. LEXIS 19042, at **10 (D. Conn. Mar. 19, 2007) (attached hereto as **Exhibit C**).

Consistent with their duty pursuant to Fed. R. Civ. P. 45(c), Defendants agreed to be flexible with respect to the date when Mr. Banerjee would actually appear for a deposition. Defendants did not, however, agree to an indefinite delay or waive its rights under the Subpoena.

Mr. Banerjee is plainly attempting to avoid his obligation to testify and is playing games with his assertions that he is in India. The first time he claimed to be in India, the Defendants' private investigator caught him in Connecticut. Since that time, Mr. Banerjee's story has changed repeatedly as he strives to avoid complying with his legal obligations under the Subpoena with which he was served. Mr. Banerjee knows perfectly well that discovery closes on September 30, 2009, and armed with this knowledge, he has refused to comply with the

Subpoena. He has now pushed his alleged unavailability out to December 2009, in an obvious ploy to avoid testifying altogether.

A video or teleconference deposition will not suffice. Mr. Banerjee has already been properly served in hand in Connecticut with a subpoena commanding him to <u>appear in person</u> and produce documents. He has not complied in any way whatsoever. Mr. Banerjee is not a truthful or forthcoming witness and he must be cross-examined in person with substantial documentation to control his prevarication. Facial gestures, gestures between counsel and client, and mannerisms, are not so acutely observable by video than in person. Much will be lost in the translation of a video uplink from across the globe. Defendants will be unduly prejudiced.

Mr. Banerjee <u>never</u> objected to the Subpoena, moved to quash or modify the Subpoena, or moved for a protective order. In fact, Mr. Banerjee waived any objections he may have had to the Subpoena by failing to file timely objections. See <u>Israel v. Carpenter</u>, No. 95 Civ. 2703 (DAB) (JCF), 2002 U.S. Dist. LEXIS 11792, at *3 (D. Conn. June 28, 2002) (Defendants' waived any objections to subpoenas by failing to raise them in a timely manner) (attached hereto as **Exhibit D**); <u>Semtek Int'l, Inc. v. Merkuriy Ltd.</u>, Misc. No. 3607 DRH, 1996 U.S. Dist. LEXIS 22444, at *4 (N.D.N.Y. May 1, 1996) ("Ordinarily, the failure to make timely objection under this rule constitutes a waiver of any such objections.") (attached hereto as **Exhibit E**).

Accordingly, Defendants' Motion to Compel must be granted.

## IV. CONCLUSION

Defendants respectfully request that their Emergency Motion to Compel be granted in all respects and that Mr. Banerjee be compelled to appear in person for a deposition, and produce all documents responsive to the subpoena in advance of the discovery deadline of September 30, 2009.

Respectfully submitted,

Joseph M. Pastore III (ct11431)
Frances Codd Slusarz (ct24442)
Fox Rothschild LLP
One Landmark Square, 21st Floor
Stamford, CT 06901
Telephone: (203) 425-9500
Facsimile: (203) 425-9595
jpastore@foxrothschild.com
fslusarz@foxrothschild.com

Sean T. Carnathan
O'Connor Carnathan & Mack, LLC
8 New England Executive Park, Suite 310
Burlington, MA 01803
Telephone: (781) 359-9000
Facsimile: (781) 359-9001
scarnathan@ocmlaw.net

Wesley W. Yuan, Esq.
Duane Morris, LLP
3200 Southwest Freeway, Suite 3150
Houston, TX 77027
Telephone: (713) 402-3911-7540
Facsimile: (713) 513-5848
wwyuan@duanemorris.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009, a copy of the foregoing was sent via First Class U.S. mail to the following counsel of record:

    Murray Fogler, Esq.
    Jas Brar, Esq.
    Beck, Redden & Secrest, LLP
    One Houston Center
    1221 McKinney Street, Suite 4500
    Houston, TX 77010

    Douglas R. Hirsch, Esq.
    Sadis & Goldberg LLP
    551 Fifth Avenue, 21st Floor
    New York, NY 10176

    */s/ Frances Codd Slusarz*
    Frances Codd Slusarz