December 21, 2009

The Honorable Stefan R. Underhill
Unites States District Judge
Brien McMahan Federal Building
United States Courthouse
915 Lafayette Boulevard-Suite 411
Bridgeport, CT 06604

Re: Alkek & Williams Ltd et al v. Tuckerbrook Alternative Investments LP et al;
Case Number 3:09-mc-00345-SRU

Dear Judge Underhill,

Your Honor, I continue to address your Court as my husband, Mr. Sumanta Banerjee has been advised to reduce his stress and continues to take rest. He was released from the hospital on Friday, Dec 18th. Dr. Biswas found that his fever was caused by a upper respiratory infection (and has been treated and cured) and that his blood pressure had come down significantly but is still fluctuating. As a result, he has not been cleared for travel until Dr. Biswas completes the diagnosis of his fluctuating blood pressure and stabilizes it. He has prescribed (1) new medications to stabilize his still elevated and fluctuating blood pressure (2) a change in diet to combat recent weight gain (3) rest for the next two weeks prior to the expected re-joining of work on January 4, 2010 (4) weekly monitoring of blood pressure until stabilization.

As per my communication to Your Honor's Court on December 16, 2009, I attach the discharge slip of the Hospital (exhibit A) where Mr. S. Banerjee was admitted for 5 days, from Dec 13th to Dec 18th. I also submit the letter/certification of Dr. Biswas dated December 21, 2009 (exhibit B) as an update to the Court as to the condition of Mr. Banerjee.

Your Honour, I am sorry to involve the Court regarding the baseless and specious arguments and statements in Mr. Pastores' communication to the Court dated December 18, 2009. Your Honor, Mr. Pastore has a made a desperate and pathetic attempt to "play doctor" and is trying to "cloud the issue" with statements like "chronic hypertension was not going to prevent Mr. Banerjee from coming to the United States on vacation and it did not prevent Mr. Banerjee *from* leaving the US." He completely ignored Dr, Biswas' medical certificate dated December 13th (where he says he is admitting Mr. Banerjee) that was submitted to the Court on Dec 16, 2009 along with my letter.

The fact is that my husband has been mildly hypertensive and it was under control with medication. However, as Dr. Biswas has written in his certificate dated Dec 13th, (which was submitted as exhibit B in my previous communication to the Court), he found that Mr. Banerjee's hypertension had actually gotten worse despite medication. Mr. Banerjee had actually gone to see the doctor for intermittent low-grade fever. However, I do not

want to dwell on this matter since currently he is in the care of a renowned physician and a cardiologist and the family will guided by these expert opinions and not the desperate and baseless arguments of Mr. Pastore.

I did mention in the letter to Your Honor dated Dec 16th, that my husband's role as a consultant has been converted to a full-time position at the same Indian conglomerate (not multi-national as Mr. Pastore assumes). In the same letter, I had mentioned the despite that position and its commensurate responsibilities, *Mr. Banerjee will appear for a deposition as soon as the doctors clear him to travel on such a long flight (over 22 hours)*. We fail to see why the *name* of Mr. Banerjee's employer is relevant to the defendant's counsel except to give the defendants and their counsels another person/company to harass and hassle as they have been harassing and hassling Mr. Banerjee. He is happy to disclose the name of his employer and any other information about the job, if needed, to Your Honor only, in a sealed exhibit.

The defendants, by their own admission in a Motion to Compel dated September 2009, have acknowledged "staking out his home" and "hiring a private investigator" to follow Mr. Banerjee; actions which are tantamount to harassment and is an invasion of privacy. I would like to respectfully bring to the Court's attention that Mr. Banerjee is *not* a party to this case and is currently being harassed, which can be detrimental to his health based on his current medical condition.

To conclude, *my husband will come to the US as soon as he is cleared to do so by his doctors,* as I had mentioned in my previous communication. Mr. Pastore chose to selectively ignore this information and his letter is repetitive in its attempt to make baseless and specious arguments and statements and is merely a ploy to waste the Court's time and continue harassing my husband despite his medical condition.

We respectfully request Your Honor to (1) schedule a conference call with all the participants in the New Year; thereby giving Mr. Banerjee some time to rest as advised by his physicians and bring down his blood pressure. At that time, we will also be able to give an update on his condition and Doctor's recommendation after two weeks. (2) Your Honor, could at your discretion, postpone the deposition, based on the changed circumstances till there is clarity and clearance from the doctors on his ability to travel over such a long distance. (3) Since no travel is currently advised, we respectfully request Your Honor to order a video deposition to dissolve this current impasse. In this way, the case Alkek vs. Tuckerbrook could still proceed within the time limits of the trial.

Thanking you in advance,
Sincerely,

Akshita S. Banerjee